United States District Court
Southern District of Texas
**ENTERED**
June 04, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **REBECCA LEON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:20-CV-1643** |
| | § | |
| **ANDREW SAUL, Commissioner of Social** | § | |
| **Security,** | § | |
| | § | |
| **Defendant.** | § | |

<u>**MEMORANDUM AND RECOMMENDATION**</u>

Pending before the Court[1] is Plaintiff Rebecca Leon's ("Plaintiff") Motion for Summary Judgment (Dkt. No. 13) and Defendant Andrew Saul's ("Commissioner") Motion for Summary Judgment (Dkt. No. 14). The Court has considered the motions, all other relevant filings, and the applicable law. For the reasons set forth below, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment be **GRANTED**, Plaintiff's Motion for Summary Judgment be **DENIED**, and the action be **DISMISSED** with prejudice.

**I.      BACKGROUND**

On May 8, 2020, Plaintiff timely filed this action for judicial review of the Social Security Administration's ("SSA") final decision on Plaintiff's claim for disability insurance benefits under Title II and XVI of the Social Security Act.[2] On July 14, 2017, Plaintiff filed an application for benefits claiming an inability to work since January 25, 2017, due to carpel tunnel, pain in

---

[1] This case was referred to the Undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. (*See* Dkt. No. 10.)

[2] *See* Dkt. No. 1.

shoulder, and depression.[3] The SSA found Plaintiff was not disabled at the initial level of review in October 2017 and again, upon reconsideration, in February 2018.[4] Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").[5]

On September 18, 2018, the ALJ conducted a hearing.[6] The ALJ heard testimony from Plaintiff and Cheryl Swisher, a vocational expert ("VE").[7] On January 24, 2019, the ALJ issued a decision denying Plaintiff's applications for disability benefits.[8] The ALJ found, "[t]he claimant has not been under a disability, as defined in the Social Security Act, from January 25, 2017, through the date of this decision . . . ."[9] Plaintiff appealed the ALJ's decision to the SSA's Appeals Council.[10] On March 2, 2020, the Appeals Council denied Plaintiff's request to review the ALJ's decision.[11]

The ALJ's decision represents the Commissioner's final decision in Plaintiff's case. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000) ("SSA regulations provide that, if . . . the [Appeals] Council denies the request for review, the ALJ's opinion becomes the final decision."). Following the Appeals Council's denial, Plaintiff filed this action pursuant to 42 U.S.C. § 405(g).[12]

## II.   LEGAL STANDARD

The Court's review of the Commissioner's final decision on a social security disability

---

[3] *See* Dkt. No. 9-13 at 4–5, 22–23.
[4] *See id.* at 10, 31.
[5] Dkt. No. 9-14 at 32.
[6] Dkt. No. 9-12 at 3.
[7] *See id.*
[8] Dkt. No. 9-3 at 45–59.
[9] *Id.* at 58.
[10] *See id.* at 43.
[11] *Id.* at 2.
[12] Dkt. No. 1.

claim is exceedingly deferential. *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "Our review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). When the Commissioner's decision is reached by applying improper legal standards, the decision is not supported by substantial evidence. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "'Any findings of fact by the Commissioner which are supported by substantial evidence are conclusive.'" *Heck v. Colvin*, 674 F. App'x 411, 413 (5th Cir. 2017) (quoting *Taylor*, 706 F.3d at 602).

Even so, judicial review must not be "so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quotations omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 822–23; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. In its analysis, the Court "'may not reweigh the evidence . . . , nor try the issues *de novo*, nor substitute [its] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.'" *Johnson v. Colvin*, 595 F. App'x 443, 444 (5th Cir. 2015) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir.

1988)).

Summary judgment in social security cases, like others, is governed by Rule 56. *See Temple v. Saul*, No. 19-CV-3320, 2020 WL 6075644, at *2 (S.D. Tex. Oct. 14, 2020). Under Rule 56, summary judgment is proper when the record reflects that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "When parties file cross-motions for summary judgment, [courts] review 'each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party.'" *Cooley v. Hous. Auth. of City of Slidell*, 747 F.3d 295, 298 (5th Cir. 2014) (quoting *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001)).

## III.    DISCUSSION

"A claimant bears the burden of proving that he or she suffers from a disability." *Perez*, 415 F.3d at 461. The Social Security Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Substantial gainful activity means "work activity involving significant physical or mental abilities for pay or profit." *Perez*, 415 F.3d at 461 (quoting *Newton*, 209 F.3d at 452).

In considering a disability claim, an ALJ must conduct a five-step evaluation that examines: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R., Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th

Cir. 2002) (citing 20 C.F.R. § 404.1520). While the claimant maintains the burden of proof for the first four steps, the burden shifts to "the Commissioner on the fifth step to show that the claimant can perform other substantial work in the national economy." *Perez*, 415 F.3d at 461. "Once the Commissioner makes this showing, the burden shifts back to the claimant to rebut this finding." *Id.* (quoting *Newton*, 209 F.3d at 453) (internal quotations omitted).

"A finding that a claimant is disabled . . . at any point in the five-step review is conclusive and terminates the analysis." *Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). However, if no such finding can be made at any one step, the Commissioner moves on to the next step. 20 C.F.R. § 404.1520(a). Before moving from step three to step four, the Commissioner determines the claimant's residual functional capacity ("RFC"), which is "a determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record." *Perez*, 415 F.3d at 462 (citing 20 C.F.R. § 404.1545(a)(1)). The Commissioner uses the claimant's RFC at steps four and five to determine if the claimant can still do his past relevant work and determine whether the claimant can adjust to any other type of work. *Id.* (citing 20 C.F.R. § 404.1520(e)).

Here, the ALJ addressed all five steps of the sequential process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 25, 2017, the application date.[13] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "obesity; carpal tunnel syndrome; status post resolved injury to the right shoulder; hydradenitis suppurative (HS); anxiety disorder; and depressive disorder."[14] At step three, the ALJ found that

---

[13] Dkt. No. 9-3 at 50.
[14] *Id.*

Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.[15] The ALJ found Plaintiff had the RFC to perform a full range of work at all exertional levels as defined in the Commissioner's regulations with certain nonexertional limitations.[16] At step four, the ALJ determined that Plaintiff was capable of performing past relevant work as a warehouse worker and machine feeder.[17] At step five, in addition to Plaintiff's past relevant work, the ALJ found that there were alternative jobs that existed in significant numbers in the national economy that Plaintiff could have performed—such as officer clearer, office helper, and price marker—and therefore, Plaintiff was not disabled as defined under the Social Security Act.[18]

Plaintiff moves to reverse the ALJ's decision based on two issues.[19] Plaintiff argues that (1) the ALJ erred in finding Plaintiff's impairments did not meet a listing and (2) the ALJ's RFC finding is not supported by substantial evidence and is the result of legal error.[20] Conversely, Commissioner argues that substantial evidence supports the ALJ's Step Four and Step Five findings.[21]

### a. The ALJ Did Not Err In Determining Plaintiff's Impairments Did Not Meet A Listing.

Plaintiff argues that the ALJ erred by finding Plaintiff's impairments do not meet or equal

---

[15] *Id.* at 51.
[16] *Id.* at 53.
[17] *Id.* at 57.
[18] *Id.* at 58.
[19] Dkt. No. 13 at 5.
[20] *Id.*
[21] *See* Dkt. No. 15 at 4.

the requirements of Listing 8.06.[22] Commissioner did not respond to Plaintiff's argument.

Plaintiff has the burden of establishing that her impairment meets or equals the criteria for presumptive disability described in the Listings. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.* Determining whether an applicant met or equaled a Listing is an issue reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(2). In applying the substantial evidence standard, the Court cannot reweigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. A finding of no substantial evidence is appropriate only if there is a conspicuous absence of credible evidentiary choices or contrary medical findings to support the ALJ's decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988).

Listing 8.06 refers to Hidradenitis Suppurative ("HS"), which is met by having "extensive skin lesions involving both axillae, both inguinal areas or the perineum that persist for at least 3 months despite continuing treatment as prescribed." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 8.06. Extensive skin lesions involve multiple body sites or critical body areas, and result in a very serious limitation." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 8.00C1. In his decision, the ALJ found Plaintiff did not meet this listing because her HS did not interfere at listing level with her ability to function normally.[23]

In his RFC explanation, the ALJ summarized Plaintiff's history with HS.[24] Plaintiff has

---

[22] Dkt. No. 13 at 5.
[23] Dkt. No. 9-3 at 51.
[24] Dkt. No. 9-3 at 54.

presented to emergency rooms for her HS, usually undergoing an incision and drainage.[25] Plaintiff reported that she had flare ups twice a month, but that her antibiotics did not work.[26] The ALJ noted when Plaintiff experienced improvements with her HS and that she was prescribed pain medication.[27] The ALJ also identified where medical reports varied as to her HS: one noted she did not have a rash, another noted her rash was diagnosed as scabies, and another found she had a rash and not HS.[28] The ALJ also noted Plaintiff's inconsistent statements regarding her HS where Plaintiff testified that her HS flares up 19-20 times per month, but documentation showed her HS flare ups only occurred two times per month.[29]

Plaintiff cites to her subjective complaints.[30] She alleges both topical and oral medications have failed to effectively treat her HR.[31] Plaintiff cites an examination on February 20, 2017, where she had an open lesion in the left groin area.[32] Plaintiff also cites to an examination on April 30, 2018, where a dermatologist discussed various treatment options.[33]

The criteria in the Listings are "demanding and stringent." *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994). Here, the amount of evidence considered by the ALJ is far "more than a mere scintilla." *Hardman*, 820 F.3d at 147. As such, the Court recommends that substantial evidence supports the ALJ's decision regarding Plaintiff's HS.

---

[25] *Id.*
[26] *Id.*
[27] *Id.*
[28] *Id.*
[29] *Id.* at 55.
[30] Dkt. No. 13 at 7; Dkt. No. 9-4 at 33; Dkt. No. 9-16 at 41–42; Dkt. No. 9-20 at 68.
[31] Dkt. No. 13 at 7; Dkt. No. 9-20 at 69.
[32] Dkt. No. 13 at 7; Dkt. No. 9-20 at 67.
[33] Dkt. No. 13 at 8; Dkt. No. 9-20 at 72.

Plaintiff also argues the ALJ erred by concluding Plaintiff's obesity does not meet or equal the criteria of a listed impairment.[34] Plaintiff provides no support for this argument, except to cite to a consultative physical examination which theorizes her obesity aggravates her carpal tunnel and right shoulder injury.[35] Plaintiff's argument is without merit. The ALJ found Plaintiff's obesity "does not affect her ability to ambulate effectively, as defined in listing 1.00B2b, and there [is] no evidence to show that [Plaintiff's] obesity precludes work activities."[36] Further, the ALJ acknowledged Plaintiff's obesity and other physical limitations and accommodated for such limitations in the RFC.[37]

Lastly, Plaintiff argues the ALJ erred by not "investigat[ing] the possibility that a mental impairment is the basis of the symptoms."[38] For support, Plaintiff cites to a psychiatric consultation from 2018 that generally states under diagnosis: "Psychological factors affecting physical condition."[39] Again, Plaintiff's argument is without merit. The ALJ provided a lengthy discussion of his review of the record regarding Plaintiff's mental impairments, citing to a mental consultative examination, emergency room appointments, primary care appointments, and various medical opinions.[40] Accordingly, the Court recommends that the ALJ did not err in determining that Plaintiff's impairments did not meet a listing.

**b. The ALJ Did Not Err In Determining Plaintiff's RFC.**

Plaintiff argues that the ALJ played doctor in determining Plaintiff's RFC because "there

---

[34] Dkt. No. 13 at 8.
[35] Dkt. No. 9-17 at 54.
[36] Dkt. No. 9-3 at 54.
[37] *Id.* at 55.
[38] Dkt. No. 13 at 9.
[39] Dkt. No. 9-19 at 67.
[40] Dkt. No. 9-3 at 55–56.

is no medical opinion of record which supports the ALJ's RFC finding.[41] The Commissioner argues substantial evidence supports the ALJ's RFC determination.[42]

RFC is a "determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record." *Perez*, 415 F.3d at 462 (citing 20 C.F.R. § 404.1545(a)(1)). This evidence includes, but is not limited to, "medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations." *Roe v. Astrue*, No. 11-CV-226, 2013 WL 490676, at *4 (N.D. Tex. Feb. 8, 2013); *see Hollis v. Bowen*, 837 F.2d 1378, 1386–87 (5th Cir. 1988) ("A person's [RFC] is determined by combining a medical assessment of an applicant's impairments with descriptions by physicians, the applicant, or others of any limitations on the applicant's ability to work.").

"The ALJ is responsible for determining an applicant's residual functional capacity." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995); *see also Taylor*, 706 F.3d at 602–03. "The relative weight to be given the evidence contained in the record is within the ALJ's discretion [and] the ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record." *Fleming v. Saul*, No. 19-CV-701, 2020 WL 4601669, at *4 (W.D. Tex. Aug. 10, 2020) (citing *Chambliss v. Massanari*, 269 F.3d 520, 523 & n.1 (5th Cir. 2001) and *Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988)). The ALJ is also responsible for resolving conflicts in the evidence. *Chambliss*, 269 F.3d at 522. Nevertheless, the RFC determination, like all other determinations made by the ALJ, must be supported by substantial evidence. *Ramos v. Astrue*, No. 11-CV-1457,

---

[41] Dkt. No. 13 at 11.
[42] Dkt. No. 15 at 4.

2012 WL 1020194, at *4 (E.D. La. Feb. 27, 2012), *report and recommendation adopted*, 2012 WL 1019123 (Mar. 26, 2012); *Majkut v. Astrue*, No. 08-CV-92, 2009 WL 3110210, at *4 (N.D. Tex. Sept. 28, 2009).

Here, the ALJ determined that Plaintiff could perform a full range of work at all exertional levels with certain nonexertional limitations due to Plaintiff's carpel tunnel syndrome, right shoulder injury, HS, and anxiety.[43] In making the RFC determination, the ALJ reviewed Plaintiff's subjective complaints, various medical records, and multiple medical evaluations.[44]

Plaintiff contends that, while the ALJ finds State agency physician Dr. Margaret Meyer's opinion to be persuasive, Dr. Meyer did not examine Plaintiff and her opinion that Plaintiff has no severe mental impairments conflicts with the ALJ's findings.[45] Similarly, Plaintiff contends that, while the ALJ found State agency physician Dr. Michael Douglas's opinion to be persuasive, Dr. Douglas found Plaintiff had no severe physical impairments other than her HS.[46] Plaintiff contends this conflicts with the ALJ's finding that Plaintiff suffered from more than just HS.[47] Thus, Plaintiff argues there are no medical opinions of record that support his RFC finding.[48] The Court disagrees.

Plaintiff takes an all-or-nothing approach to the medical opinions in the current case by suggesting that a medical opinion cannot support the ALJ decision unless it fully aligns with the ALJ's ultimate conclusions, but provides no support for such a contention. To the contrary, by noting his disagreements with the medical opinions, the ALJ illustrates his thorough review of the

---

[43] Dkt. No. 9-3 at 53.
[44] *Id.* at 53–56.
[45] Dkt. No. 13 at 11–12.
[46] *Id.* at 12.
[47] *Id.*
[48] *Id.*

record and consideration of Plaintiff's allegations.

Plaintiff argues that the ALJ played doctor in determining Plaintiff's RFC, but fails to point to anything in the record where the ALJ did just that. *See Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (citing to specific language from the ALJ's decision where the ALJ made his own medical conclusions as to what symptoms a claimant would experience based on his alleged impairments). Plaintiff compares the instant case to *West v. Sullivan*, 751 F. Supp. 647 (N.D. Tex. 1990).[49] In *West*, the ALJ relied on four pages out of a 310-page record to determine the claimant could sit for six hours or perform other tasks needed for sedentary work and ignored the overwhelming amount of evidence that showed the claimant could not sit for six hours and was totally disabled. *Id.* at 648. Here, the ALJ's four-page, single spaced RFC explanation thoroughly reviewed the record, including medical evaluations from Dr. Carlin Barnes, Dr. Margaret Meyer, Dr. Jean Germain, Dr. Shabnam Rehman, and Dr. Michael Douglas.[50] The ALJ decided whether to find these medical opinions persuasive or unpersuasive based on the record as a whole, not based on his own conclusions or opinions as to Plaintiff's alleged symptoms and impairments. In construing the evidence in a light most favorable to Plaintiff, the ALJ ultimately provided for more limitations than some of the medical opinions would have accounted for. This does not present the same case as in *West* where the ALJ found no limitations despite overwhelming evidence to the contrary and does not suggest the ALJ played doctor in determining Plaintiff's RFC.

Plaintiff also argues her right shoulder injury and carpal tunnel syndrome require a more limited RFC. Plaintiff primarily relies on an examination by Dr. Hanna J. Abu-Nassar from

---

[49] *Id.* at 11.
[50] Dkt. No. 9-3 at 53–56.

October 2017, but does not address the ALJ's consideration of the competing evidence in Dr. Abu-Nassar's examination that Plaintiff's "fine and dexterous finger control was normal with full grip strength in both hands."[51] Similarly, Plaintiff fails to address the competing evidence as to her HS and her mental health impairments.[52] The Court cannot "reweigh the evidence, try the issues *de novo,* or substitute [its] judgment for that of the [Commissioner]." *Greenspan*, 38 F.3d at 236. Instead, the Court only reviews whether substantial evidence supports the ALJ's RFC determination. *See generally Casillas v. Colvin*, No. 15-CV-12, 2016 WL 3162146, at *4 (W.D. Tex. June 3, 2016) ("Plaintiff argues that the record evidence indicates that Plaintiff's impairment(s) meet the criteria in Listing 1.04A. The Court, however, reviews only whether there is substantial evidence to support the ALJ's determination that Plaintiff's impairment did not meet or equal a listing impairment.") (citation omitted); *Barnes v. Astrue*, No. 07-CV-4377, 2008 WL 5348225, at *11 (S.D. Tex. Dec. 22, 2008) ("The issue is not how much evidence supports a finding of disability, but, rather, whether substantial evidence supports the ALJ's finding that Plaintiff was not disabled.").

Lastly, Plaintiff argues the ALJ erred by failing to develop the record by not obtaining Plaintiff's educational records, which show she was in special education in school.[53] Plaintiff provides no argument as to how this is relevant or how it would change the outcome of the ALJ's decision other than to say "the evidence contained in the record may have affected the outcome of this case." *See Jones v. Astrue*, 691 F.3d 730, 734–35 (5th Cir. 2012) (holding that to establish an error warranting remand, a plaintiff bears the burden of demonstrating that it is possible that a

---

[51] *See id.* at 54.
[52] *Id.* at 54–55.
[53] Dkt. No. 13 at 15.

different result would occur absent the error). Plaintiff cites to two cases, both of which are distinguishable from the instant case. *See Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984) ("Given the medical reports and [claimant's] suggestion of pain, it was the duty of the ALJ to inquire further into the existence or non-existence of distress sufficient to be disabling."); *Freeman-Park v. Barnhart*, 435 F. Supp. 2d 597, 602 (E.D. Tex. 2006) (finding error when the ALJ failed to obtain additional medical records that plaintiff identified at their evidentiary hearing). Plaintiff points to no evidence in the record that put the ALJ on notice that he need to look into Plaintiff's educational records.

Accordingly, the Court recommends that substantial evidence supports the ALJ's RFC determination.

## IV.    CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment be **GRANTED**, Plaintiff's Motion for Summary Judgment be **DENIED**, and the action be **DISMISSED** with prejudice.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on June 3, 2021.

Sam S. Sheldon
United States Magistrate Judge